UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PEGGY J. HARPEST,**

    **Plaintiff,**

    v.

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,**

    **Defendant.**

Case No. 2:13-cv-00925
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's October 27, 2014 Report and Recommendation ("R&R") (ECF No. 22), the Commissioner's objections thereto (ECF No. 26), and Plaintiff's response to the Commissioner's objections (EF No. 28). For the reasons that follow, the Court **OVERRULES** the objections, **ADOPTS** the R&R, **REVERSES** the Commissioner's decision and **REMANDS** this case for further proceedings consistent with this Opinion and Order.

**I.    BACKGROUND**

Plaintiff alleges that she suffers from both physical and mental impairments that render her disabled within the meaning of the Social Security Act. On July 8, 2009, Plaintiff applied for social security benefits as a result of those impairments.

The administrative law judge ("ALJ") assigned to Plaintiff's case determined that neither her physical nor her mental impairments rendered her disabled. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review.

1

Plaintiff filed suit for judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  In her statement of errors, Plaintiff does not dispute the ALJ's findings with respect to her physical impairments.  She does, however, argue that the ALJ's findings with respect to her mental impairments are not supported by substantial evidence.

The Magistrate Judge agreed with Plaintiff.  In the R&R, the Magistrate Judge recommended that the Commissioner's decision be reversed pursuant to sentence 4 of 42 U.S.C. § 405(g) and that this action be remanded to the Commissioner for further proceedings.

The Commissioner timely objected to the R&R.  The Court now considers those objections.

## II. ANALYSIS

### A. Standard of Review

When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  A decision supported by substantial evidence therefore is not subject to reversal,

even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The substantial evidence standard " 'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.' " *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted).

The present dispute involves the Commissioner's purported failure to follow the Social Security Administration's ("SSA") rules and regulations. Indeed, "the ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.' " *Cole v. Astrue*, 662 F.3d 931, 940 (6th Cir. 2011) (quoting *Blakley*, 581 F.3d at 407).

The Commissioner advances two objections, both of which concern the Magistrate Judge's conclusion that the ALJ failed to follow the SSA's rules and regulations. The Court addresses each of those objections below.

### B. Opinion of Certified Nurse Practitioner Sharon Lee

The Magistrate Judge found that the ALJ erred by failing to consider the mental health evaluation completed by certified nurse practitioner Sharon K. Lee ("CNP Lee"). CNP Lee is, according to the ALJ, Plaintiff's primary medical provider with whom Plaintiff had a longstanding treating relationship.

In CNP Lee's mental health evaluation, she opined that Plaintiff was extremely limited in her ability to work in cooperation with or in proximity to others without being distracted by them.  This analysis contradicts the ALJ's ultimate conclusion that Plaintiff was not mentally disabled.

Having reviewed the record and the parties' arguments, the Court agrees with the Magistrate Judge that the ALJ did not address CNP Lee's mental health evaluation is his written opinion.  The Magistrate Judge correctly observed that the ALJ referenced CNP Lee's opinions as a whole and specifically addressed those portions of CNP Lee's evaluation that relate to Plaintiff's physical capacity, which the ALJ rejected because they conflict with findings from Plaintiff's treating physicians.  As the Magistrate Judge explained, however, the ALJ did not cite, discuss, or otherwise acknowledge CNP Lee's evaluation of Plaintiff's mental capacity.

The Commissioner objects and argues that "[t]he ALJ specifically found that the evidence contradicted both the physical and mental portions of CNP Lee's opinion," (ECF No. 26, at 1), but cites to a portion of the ALJ's opinion in which he discussed only the physical portion of CNP Lee's report.  *See* ECF No. 26, at 1 (citing ECF No. 13, at PAGEID # 66). Notably, the Commissioner does not quote or cite any reference by the ALJ to CNP Lee's mental health evaluation.  The Court agrees with the Magistrate Judge that "it is unclear from the language used by the [ALJ] whether CNP Lee's mental residual functional capacity evaluation was even considered at all."  (ECF No. 22, at 11.)

The Court similarly agrees with the Magistrate Judge that the ALJ was required to consider CNP Lee's mental health assessment.  *See Cole*, 661 F.3d at 939 (explaining that decisions from "other sources," as 20 C.F.R. § 404.1513(d)(1) defines the term, are entitled to

consideration when those sources have expertise and a long-term relationship with the plaintiff); 20 C.F.R. § 404.1513(d)(1) (defining "other sources" to include nurse practitioners); *see also* SSR 06-03p, 2006 WL 2329939, at *4–5 (Aug. 9, 2006) (explaining that opinions from "other sources" must be considered in evaluating a claimant's file and stating, "the Act requires us to consider all of the available evidence in the individual's case record in every case").  If he considered CNP Lee's mental health assessment and disregarded it, the ALJ was required to explain his reasons for doing so.  *See Cole*, 661 F.3d at 937 (finding that an ALJ erred in failing to mention the opinions of an "other source" in the written opinion denying benefits); SSR 06-03p, 2006 WL 2329939, at *6 ("[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case").  The ALJ's failure to offer any such explanation in his decision constitutes a failure to follow SSA rules and regulations which, in turn, "denotes a lack of substantial evidence." *Cole*, 661 F.3d at 940 (citing *Blakley*, 581 F.3d at 407).

The Commissioner's arguments to the contrary are not persuasive.  The Commissioner argues that the Court can "discern" the ALJ's reasoning for rejecting CNP Lee's mental health evaluation by comparing that evaluation to other evidence in the record, (ECF No. 26, at 1), but that argument ignores the Sixth Circuit's guidance that an ALJ must explain his or her decision in a way that allows claimants "to understand the Commissioner's rationale and the procedure through which the decision was reached." *Id.* at 940; *see also* SSR 06-03p, 2006 WL 2329939, at *6.  In other words, the onus is on the ALJ to explain his or her reasons for rejecting certain

5

opinions. The onus is not on Plaintiff or the Court to analyze the record and "discern" that rationale.[1]

Relatedly, the Commissioner's argument that "a more thorough recitation of a nurse practitioner's opinion of Plaintiff's mental functioning would not have reasonably changed the ALJ's analysis," (ECF No. 26, at 2), again mischaracterizes the ALJ's responsibilities under the regulations. As *Cole* makes clear, a claimant is entitled to a clear opinion explaining the ALJ's reasoning regardless of whether the ALJ's ultimate conclusion is correct. *See Cole*, 661 F.3d at 940 ("The ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, *even where the conclusion of the ALJ may be justified based upon the record*." (citing *Blakley*, 581 F.3d at 407) (emphasis added)). The Court therefore agrees with the Magistrate Judge that the ALJ in this case erred by failing to explain his reasoning for disregarding CNP Lee's mental health evaluation. The Commissioner's objection on this point is not well taken.

### C. Hypothetical Question Posed to Vocational Expert

The following background is relevant to the Commissioner's second and final objection. In the administrative hearing, the ALJ posed several hypothetical questions to a vocational expert. In those questions, the ALJ described a hypothetical individual who was capable of performing "simple work," without reference to specific limitations in concentration, persistence, and pace. (ECF No. 13, at PAGEID 101–03.) The ALJ then cited the vocational expert's answers in concluding that Plaintiff is not disabled.

In her statement of errors, Plaintiff argued that the hypotheticals posed by the ALJ to the vocational expert did not accurately portray Plaintiff's moderate psychological limitations.

---

[1] Even if it were acceptable for this Court and Plaintiff to "discern" the ALJ's rationale from his written opinion, the Commissioner's argument that Dr. Prasad's opinion contradicts CNP Lee's opinion is flawed. Plaintiff's statements to Dr. Prasad that she felt well do not amount to an opinion from Dr. Prasad.

6

Plaintiff specifically argued that the hypothetical was deficient because it did not include the limitations in concentration, persistence, and pace that the ALJ found to exist.

The Magistrate Judge agreed. In the R&R, the Magistrate Judge noted that "the [ALJ] expressly found that [P]laintiff is moderately impaired in the areas of concentration, persistence, or pace, yet he failed to adequately address that limitation in his RFC assessment." (ECF No. 22, at 14–15.) As a result, the Magistrate Judge could not conclude "that the hypothetical posed to the vocational expert fairly encompassed all of the limitations actually found by the [ALJ]," such that the vocational expert's answer to the hypothetical could not serve as "substantial evidence" in support of the ALJ's conclusion. *See id.* at 13–18 (discussing *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516–17 (6th Cir. 2010)).

The Commissioner objects to this conclusion. The Commissioner argues that the ALJ's characterization of Plaintiff's impairments in his hypothetical reasonably accommodates the opinions from Plaintiff's treating physicians such that the hypothetical was not deficient.

In response to the Commissioner's objection, Plaintiff directs the Court to the vocational expert's testimony. When the vocational expert was asked to include in the ALJ's hypothetical additional limitations on a claimant's concentration, ability to perform and complete standard work tasks at a consistent pace, or ability to perform at production levels expected by most employers—i.e., the limitations in concentration, persistence, and pace that the ALJ found to exist—the expert opined that such a person would not be capable of competitive employment. (ECF No. 13, at PAGEID 105–107.) Plaintiff concludes that the exclusion of these specific limitations from the ALJ's hypothetical taints the vocational expert's answer.

Having reviewed the parties' submissions and relevant portions of the record, the Court again agrees with the Magistrate Judge. Because the ALJ found certain impairments to exist but declined to specify those impairments in his hypothetical, and because the vocational expert's testimony suggests that the omitted impairments would have impacted his assessment, the Court cannot conclude that the ALJ's hypothetical was sufficient. The Court finds no error in the R&R on this point and finds the Commissioner's second objection to be without merit.

### III. CONCLUSION

Based on the foregoing, the Court finds that the Commissioner failed to identify any portions of the R&R that should be rejected or modified. The Court therefore **OVERRULES** the Commissioner's objections (ECF No. 26), **ADOPTS** the R&R (ECF No. 22), **REVERSES** the Commissioner's decision pursuant to Sentence 4 of 42 U.S.C. § 405(g) and **REMANDS** this case for further proceedings consistent with this Opinion and Order. The Clerk is **DIRECTED** to enter judgment accordingly and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

        **/s/ Gregory L. Frost**
        **GREGORY L. FROST**
        **UNITED STATES DISTRICT JUDGE**